UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

| | | |
|---|---|---|
| KPI BRIDGE OIL, INC. | : | |
| | : | |
| Plaintiff, | : | 1:19-CV_____ |
| vs. | : | |
| | : | |
| GLENCORE LTD., | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------------X

## ORIGINAL COMPLAINT

Plaintiff, KPI BRIDGE OIL, INC. (hereinafter "KPI" or "Plaintiff"), by and through its attorneys, Chalos & Co., P.C., and files this Verified Complaint against Defendant GLENCORE LTD. (hereinafter "GLENCORE" or "Defendant"), and alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1.    Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. This case is also an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure for claim of breach of a maritime contract.

2.    Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the Defendant is located in the Southern District of New York and the contract at issue designates the Southern District of New York for resolution of all disputes.

## THE PARTIES

3.    At all times material hereto, Plaintiff KPI was and still is a Delaware corporation with principal offices in New Jersey.

4.     At all times material hereto, Defendant GLENCORE was and still is a foreign business which has registered to do business in the State of New York and has an agent for service of process located in New York.

**THE FACTS**

A.     **THE M/T CHEM VENUS**

5.     On or about March 15, 2018, non-party Ace Quantum Chemical Tankers (hereinafter "Owners"), controlling interest holders of the M/T CHEM VENUS (hereinafter "CHEM VENUS") contracted with KPI to provide 450 metric tons of 380 CST fuel oil RMG-380 as well as 250 MT MGO DMA max Sulfur 0.1% to the Vessel at the port of Houston.  Both products were required to meet ISO8217:2010 specifications.

6.     On or about March 15, 2018, Plaintiff contracted with the Defendant to physically supply the bunker fuel to the M/T CHEM VENUS.  A copy of the Bunker Confirmation is attached hereto as **Exhibit 1** and a copy of the Glencore Terms and Conditions of Sale are attached hereto as **Exhibit 2**.

7.     The bunkers were delivered and supplied to the M/T CHEM VENUS on or about March 28, 2018 in the port of Houston.  A copy of the Bunker Delivery Receipt is attached hereto as **Exhibit 3**.

8.     After the M/T CHEM VENUS began consuming the bunkers (on or about April 19), the Owners placed Plaintiff on notice that the vessel was experiencing problems, including but not limited to filters clogging, sticky fuel pumps and problems with starting the main engine and the injection system.

9.     It became apparent that the bunker fuel supplied by Defendant was contaminated and could not be used for its intended purpose.

B.    __THE M/V UAL COLOGNE__

10.    On or about April 16, 2018, Plaintiff entered into a second contract with Defendant to physically supply the M/V UAL COLOGNE (hereinafter "UAL COLOGNE") with 300 metric tons of 380 CST.  This product was required to meet ISO8217:2010 specifications. A copy Bunker Confirmation is attached hereto as **Exhibit 4**.  The Glencore Terms and Conditions of Sale were also applicable to this contract. *See* **Exhibit 2**.

11.    On or about April 21, 2018, the bunkers were delivered and supplied to the M/V UAL COLOGNE in the port of Houston at the Manchester Terminal. A copy of the Bunker Delivery Receipt is attached hereto as **Exhibit 5.**

12.    Plaintiff was notified by the Vessel's interests that the bunkers delivered to the M/V UAL COLOGNE were contaminated after the vessel began experiencing problems on board and it was determined that the bunkers could not be used for their intended purpose.

13.    Defendant was notified that the fuel supplied to both the M/T CHEM VENUS and M/V UAL COLOGNE was off-specification and/or not compliant with the terms and conditions of the Bunker Supply contracts.  Defendant failed to provide bunkers in full compliance with ISO 8217 specifications, in particular sub-clause 5.3 which provides: "Marine fuels shall be free from any material that renders the fuel unacceptable for use in marine applications."

14.    In addition, the Bunker Delivery Receipts state the following, "The fuel oil supplied is in conformity with regulation 14(1) or 14(4) and regulation 18(3) of MARPOL Annex VI." *See* **Exhibit 3**, **Exhibit 5**.

15.    Defendant's failure to provide bunker fuel in accordance with clause 5 of ISO 8217 and MARPOL annex VI section 18.1 as represented in the Bunker Sales Confirmation and Bunker Delivery Notes is a material breach of the contracts and entitles Plaintiff to damages. The

contaminants contained in the bunker fuel under each contract render the bunkers unusable for its intended purposes and is therefore a breach of the contract.

16.     As a result of the Defendant's breaches of the General Terms and Conditions, including representations found in the Bunker Confirmation and Bunker Delivery Note, the Plaintiff has sustained damages by the contaminated bunkers provided to the M/T CHEM VENUS in the total principal amount of $150,111.00, exclusive of interest, costs, and attorney's fees.

17.     As a result of the Defendant's breaches of the General Terms and Conditions, including representations found in the Bunker Confirmation and Bunker Delivery Note, the damages caused by the contaminated bunkers provided to the M/V UAL COLOGNE by Defendant are estimated to be no less than $35,932.10, exclusive of interest, costs, and attorney's fees.

18.     Clause 14 of Defendant's General Terms and Conditions calls disputes to be resolved in the for the exclusive jurisdiction of the District Court for the Southern District of New York, and Clause 15 (a) calls for the application of "the laws of the State of New York . . . applying the principles of maritime law as applies in the federal District Courts of the United States of America."

19.     Despite due demand, Defendant has failed to pay the amounts due to Plaintiff for its breaches of the Bunker Contracts and the applicable Terms and Condition of Sale.

20.     Plaintiff is entitled to monetary damages in a total amount to be determined at trial.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.     That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Complaint, failing which default judgment be entered against Defendant in the sum of $186,043.09;

B.     That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

C.     That the Court grant Plaintiff such other and further relief as it deems just, equitable and proper.

Dated: March 28, 2019                              Respectfully submitted,
       Oyster Bay, New York

                                                   CHALOS & CO, P.C.

                                        By:        /s/ Briton P. Sparkman_____
                                                   George M. Chalos, Esq. (GC - 8693)
                                                   Briton P. Sparkman, Esq. (BS - 5220)
                                                   55 Hamilton Ave.
                                                   Oyster Bay, NY 11771
                                                   Tel: (516) 714-4300
                                                   Fax: (866) 702-4577
                                                   Email: gmc@chaloslaw.com
                                                          bsparkman@chaloslaw.com

                                                   *Attorneys for Plaintiff*
                                                   *KPI BRIDGE OIL, INC.*